## ROYAL E. DEANE AND GEORGE G. BROOKS, RESPONDENTS, *v.* JOHN A. LOUCKS, APPELLANT.

*Opening a judgment entered by default — what proof of good faith required — a recovery for work done and materials furnished is a bar to a claim for defective work and materials.*

On an application to open a default the applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by making an affidavit of merits.

A judgment by default, in an action to recover for work, labor and services and for materials furnished, is a bar to any action by the defendant for damages because of defective work or materials.

APPEAL by the defendant John A. Loucks from an order of the Supreme Court, made at Special Term under date of June 16, 1890, and entered in the office of the clerk of the county of New York,

which order denied the defendant's motion to open a default to appear or answer in the above-entitled action, which was commenced by the service of a summons upon him, and to set aside the judgment which had been entered against him by default.

*Brunnemer & Bennett*, for the appellant.

*E. C. Stone*, for the respondents.

VAN BRUNT, P. J. :

We think that the learned counsel for the appellant is entirely mistaken in supposing that the doctrine has ever been established that when an affidavit of merits is presented and there are no suspicious circumstances connected with the application a default will necessarily be opened. Although decisions to that effect may be found, yet still the practice of the court has been against so loose a procedure as this; and the applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by an affidavit of merits.

If there were nothing but this in the case at bar, we would think that the order appealed from was correct. But, upon an inspection of the record, it appears that the learned judge was influenced largely in coming to the conclusion at which he arrived, by the consideration that although the default was held, the defendant could maintain an action for the same cause desired to be set up in the counter-claim in the proposed answer. The action was brought to recover for work, labor and services and for material furnished which was alleged to be of the reasonable value of a certain sum. The defense sought to be interposed was that the work and labor was done and the materials furnished under a written agreement containing certain stipulations, and that such stipulations were not complied with, and in consequence of the defective workmanship and defective materials the defendant had suffered damage to a large amount.

It is well settled that a recovery upon a complaint of this description is a bar to any action for damages because of defective work or materials. See *Gates* v. *Preston* (41 N. Y., 113), in which it was held that a judgment by default in favor of a physician for professional services is a bar to any action by the defendant against him for

malpractice in the performance of such services. And the principle there laid down is recognized in *Goebel* v. *Iffla* (111 N. Y., 171). The reason of the rule is manifest, because a recovery by the plaintiff upon the ground that the services were worth the amount alleged in the complaint is absolutely inconsistent with the claim that the services were worthless and were detrimental to the defendant.

So in the case at bar, if the plaintiff's work, labor and materials were worth the amount set out in the complaint, then the defendant could have no cause of action because of defective materials and workmanship.

We think, therefore, that the default should have been opened in order to enable the defendant to put in his counter-claim upon payment of the costs of all proceedings before notice of trial, the disbursements in the entry of judgment and ten dollars costs of the motion.

The order should, therefore, be reversed, with ten dollars costs and disbursements; and the default opened upon the conditions above mentioned, the costs to be offset against each other so far as practicable.

BARTLETT and BARRETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements; and default opened on payment of costs of all proceedings before notice of trial, the disbursements in the entry of judgment, and ten dollars costs of motion, the costs to be offset against each other so far as practicable.