# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## May, 1892.

---

## PAUL WILLIAMS, Appellant, v. WILLIAM HAYS, Respondent.

*Estoppel — it must be mutual — maritime insurance — remedy of the insurance company by subrogation against one negligently wrecking a vessel — judgment on another policy, held by the defendant in his own right, not an estoppel.*

William Hays, who was the master and part owner of a brig which was lost at sea, brought an action in August, 1886, upon a policy of insurance upon the brig, issued by the Phenix Insurance Company, and recovered a judgment, which was affirmed in the Court of Appeals. In October, 1886, and before the trial of said action, the insurance company paid to Parsons & Loud, also part owners of the brig, the loss upon a similar policy issued to them.

In December, 1886, the insurance company having assigned their rights to one Williams, the latter brought an action to recover of Hays the loss paid Parsons & Loud, alleging that the vessel was wrecked by the negligence of Hays.

In 1889, Hays, by an amended answer, set up as a defense that, on December 13, 1888, he had recovered against the insurance company, in an action brought by him against it in the New York Superior Court, the loss sustained under a policy of that company held by him.

*Held*, that that judgment did not constitute an estoppel.

That, to be available, estoppels must be mutual.

That Williams did not represent any claim which the insurance company had against Hays, but a claim which Parsons & Loud had as part owners of the brig.

That, if Parsons & Loud could sue Hays, the insurance company, their assignee or successor in interest could do likewise.

Appeal by the plaintiff Paul Williams from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 8th day of February, 1892, upon a

verdict for the defendant directed by the court after a trial at the New York Circuit before the court and a jury.

The action was brought by the plaintiff, as assignee of the claim of the Phenix Insurance Company, to recover the amount of a policy of insurance paid to the firm of Parsons & Loud, because of the loss of the brig "Emily T. Sheldon," which the complaint alleged was wrecked through the defendant's negligence.

The defendant in his supplemental answer alleged:

That on or about the 26th day of August, 1886, this defendant commenced an action against the Phenix Insurance Company in the Superior Court of the city of New York (which court had jurisdiction of the action), to recover the sum of $1,500, the amount of a policy of insurance issued by said company to this defendant upon three-sixteenths of the brig "Emily T. Sheldon," dated the 14th day of July, 1885, covering a period of one year from that date, against the perils of the seas and other losses, as in and by said policy stated.

That the said Phenix Insurance Company appeared in said action and served its answer.

That thereafter, and on or about the 5th day of December; 1888, the said issues came on to be tried, upon which trial a verdict was rendered in favor of the said Hays and against the said insurance company for $1,535.98, on which verdict a judgment was entered in said court in favor of said Hays and against the said Phenix Insurance Company on the 13th day of December, 1888, for the sum of $1,943.72.

That the said brig "Emily T. Sheldon" and the loss thereof are the same as that referred to in the complaint in this action; and that all the issues framed by the pleadings in this action, so far as the loss of the said brig is concerned, are the same as those which have been adjudicated in the said case of Hays against the Phenix Insurance Company, and have been determined in said action.

Parsons & Loud, also part owners of the brig, were separately insured in the same company, which paid their loss October 28, 1886. This action was begun December 13, 1886.

*G. A. Black*, for the appellant.

*W. W. Goodrich*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff, as assignee of the Phenix Insurance Company, sues to recover an amount paid by the insurance company to Parsons & Loud, which, by such payment, became subrogated to their rights under a policy of insurance issued by the said company to them as owners of one-sixteenth of a certain brig.

The complaint alleges that the defendant was the master of the brig, and that the loss and stranding thereof was caused by the negligence, misconduct and improper navigation of the defendant as master.

The defendant, by his supplemental answer, alleged that in an action brought by him against the insurance company to recover the amount of his insurance upon the three-sixteenths of said brig owned by him, he recovered judgment against the company which had been affirmed by the Court of Appeals. The single question presented is whether the plaintiff is estopped by the judgment in the case of the defendant against the Phenix Insurance Company above referred to.

Undoubtedly, a recovery by the defendant in his action against the Phenix Insurance Company upon his policy of insurance is a bar against the insurance company from setting up, in its own right, any claim against the defendant because of the loss of the vessel, because a recovery upon the policy is inconsistent with the existence of such right of action. (*Doty* v. *Brown,* 4 N. Y., 71; *Castle* v. *Noyes,* 14 id., 329; *Gates* v. *Preston,* 41 id., 113.) But the plaintiff in this action does not represent any claim which the insurance company had as against the defendant, but that which Parsons & Loud had as part owners of the vessel.

Such being the case, therefore, the judgment rendered in the case of *Hays* v. *Phenix Insurance Company* in no way operated as an estoppel against Parsons & Loud from maintaining an action upon the same ground upon which the insurance company based its defense. This is clearly so, because estoppels to be available must be mutual. (*Lawrence* v. *Campbell,* 32 N. Y., 455.)

If, therefore, Parsons & Loud were not precluded from maintaining an action against the defendant, their assignees are endowed with all the rights which they themselves possessed.

It being, therefore, the claim of Parsons & Loud which is sought to be enforced in this action, and the plaintiff being merely their

successor in interest, he would seem to be entitled to all the rights which they could have enforced against the defendant. The mere fact that the intermediary was the Phenix Insurance Company in no way affects this right, because he represented a different and distinct interest from that which the insurance company represented in the action of Hays against it. (*Mersereau* v. *Pearsall*, 19 N. Y., 109.)

We think, therefore, that the previous judgment did not operate as an estoppel, and the plaintiff had a right to try the issue presented only upon the merits.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

O'BRIEN and ANDREWS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.