until March, 1892, that the basis upon which he now claims to be entitled to compensation was finally determined, as he states in his moving affidavit. If the plaintiff has any claim under his new cause of action, it is not too late to assert it in an independent action.

The order appealed from should be affirmed, with $10 costs and disbursements.

WILLIAMS, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I concur in the result. In the case of Donnelly v. McArdle, 43 N. Y. Supp. 560, this court has held that there is no laches where a party moves for a new trial upon the ground of surprise three years and six months after judgment; and certainly, under such a rule, no laches has been shown in this case.

---

(15 App. Div. 403.)

BUTTERICK PUB. CO., Limited, v. KING et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

JUDGMENT BY DEFAULT—OPENING—SHOWING MERITORIOUS DEFENSE.
    It is proper to refuse to open a default to permit defendants to present the defense, discovered after judgment, that the contract sued on was procured by false representations, where defendants' affidavits merely state that the representations were made by plaintiff (a corporation) without naming the person who acted for it, and plaintiff's officers deny that the representations were made by them.

Appeal from special term, New York county.

Action by the Butterick Publishing Company, Limited, against Herbert Booth King and another, composing the firm of Herbert Booth King & Bro., to recover charges for the publication of defendants' advertisement in plaintiff's magazine. There was a judgment for plaintiff by default, and from an order denying defendants' motion to open the default, admit a proposed answer, and vacate supplementary proceedings, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thos. C. T. Crain, for appellants.
Maxwill Evarts, for respondent.

INGRAHAM, J. We think the court below was right in denying the defendants' motion. The defendants were intentionally in default, allowing the time to answer to go by, as they say, because they then supposed that they had no defense to the action. Judgment was entered, and proceedings had been commenced to examine the defendants as to their property. They say that they then discovered a defense, but to entitle them to set aside the judgment under such circumstances it is only fair that they should frankly disclose to the court the facts upon which the defense is founded, so that it can be seen whether or not there is a substantial defense upon the merits. In this case, both in the affidavit upon which the motion was made and in the proposed answer, the defendants carefully avoid stating

the facts which would enable the court to determine whether or not they have a valid defense upon the merits. The plaintiff is a corporation, and can act only by its officers or agents. In the defendants' affidavit they state that "at the time of the making of the contract between the deponent's firm and the said Butterick Publishing Company, Limited, it was understood and agreed, and such contract was made upon the express representation in that behalf on the part of the Butterick Publishing Company, Limited, that the terms mentioned in such contract were as low and as favorable as those which they gave to any other advertising agency." There is no allegation that the person who made such representation on the part of the plaintiffs was authorized to do so, or had any authority to act on its behalf; and the answer is also silent as to those who made the representation. The officers of the plaintiff swear that no such representations were made by them. · In the face of that affidavit the defendants were at least bound to state to the court who it was that had assumed to represent the plaintiff. In the proposed answer, the defendants simply allege that the company made the representations. How the corporation could make any representations is not apparent, unless it may be said that the act of the corporation's agent is the act of the corporation itself, in which case the material fact would be whether the person assuming to act for the corporation occupied such a relation to it that his act could be said to be the act of the corporation. We think, upon the facts before the court below, there was nothing to show that the application to answer was really made in good faith; and that the court was right in refusing to grant leave to the defendants to come in and answer a cause of action which they had knowingly and intentionally conceded to be true, and allowed judgment to be taken for it.

Order affirmed, with $10 costs and disbursements. All concur.