(17 App. Div. 312.)

## GALL v. GALL.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. RES JUDICATA—IDENTITY OF CAUSES OF ACTION.·
   Plaintiff sued to enforce an alleged agreement with defendant's intestate that he would bequeath all his property to plaintiff, with the exception of certain legacies, in consideration of plaintiff's giving up his own business, entering into the business of intestate, and taking intestate's name. The complaint alleged performance by plaintiff; that intestate made a will according to the agreement, but that the will was revoked by the subsequent marriage of intestate, and the birth of children. There was no allegation as to the rendition of services by plaintiff, nor as to the value of any of the acts performed by him at intestate's request, nor was there any demand for a money judgment. The complaint was dismissed on the ground that there was no agreement by intestate to make a will in plaintiff's favor. *Held*, that the judgment did not bar a subsequent action by plaintiff to recover the value of services rendered by him to intestate.·

2. SAME—JUDGMENT WHICH MIGHT HAVE BEEN RENDERED.
   Nor is the judgment a bar. to the subsequent action, on the theory that the supreme court, having jurisdiction in law and equity alike, would have given plaintiff judgment for damages, though it denied equitable relief, since the only cause of action alleged was the contract to make a will, as to which the court found against plaintiff.

3. TRIAL—LEGAL RELIEF IN EQUITABLE ACTION.
   Where only equitable relief is asked in an action on a contract, and the court finds that plaintiff is not entitled to equitable relief, it cannot retain the action as one at law, and assess damages on facts not alleged, but must dismiss the complaint.

Appeal from trial term, New York county.

Action by Charles F. Gall against Amelia Gall, as administratrix of the estate of Joseph Gall, deceased, for services rendered. From a judgment entered on a dismissal of the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

B. N. Cardozo, for appellant.

A. Simis, Jr., for respondent.

RUMSEY, J. Joseph Gall, of the city of New York, died in that city in May, 1886, being the owner of a large amount of personal property and real estate. The defendant, Amelia Gall, was appointed administratrix of his estate. Shortly after the appointment, the plaintiff here commenced an action against Amelia Gall, as administratrix of Joseph Gall, and others who are alleged to be

interested in his estate. The complaint in that action alleged that in the year 1882 the plaintiff, who was a nephew of Joseph Gall, was engaged in a profitable business in the city of San Francisco, in the state of California. It was further alleged that Joseph Gall, in consideration of the fact that he was childless, and in consideration of the plaintiff's doing certain things set forth in the complaint, agreed to make his last will and testament, wherein, after certain legacies to be made to certain defendants as mentioned in that action, he undertook and promised to leave the remainder of his estate, both real and personal, to the plaintiff. The consideration on the part of the plaintiff for that agreement was that he should give up and abandon his business in California, take up his residence with Joseph Gall in the city of New York, enter into his business, and adopt his name. The complaint further alleged the performance by the plaintiff of every part of the agreement on his part. It further alleged that Joseph Gall did make a will substantially carrying out his agreement on the 3d day of April, 1883, but that afterwards, by a codicil, the will was materially changed. The complaint alleged further that, after the making of the will and codicil, Joseph Gall intermarried with the defendant, Amelia Gall, and that two of the defendants named Betsy A. Gall and Caroline Gall were the children of that marriage, and that by the marriage and the birth of the children the will was revoked. The relief demanded in the complaint was, substantially, that the agreement made between the plaintiff and Joseph Gall be specifically performed, and that the property of which Joseph Gall died seised should be transferred to the plaintiff, subject, however, to the payment of the legacies which by the will of April 3, 1883, were left to certain of the defendants named in that action, as was agreed between the plaintiff and Joseph Gall. No other relief was demanded. There was no allegation in the complaint in that action as to the rendition of any services by the plaintiff to Joseph Gall, nor as to the value of any of the acts which were performed by him as a consideration for the agreement to make the will, nor was there any demand for a money judgment against his estate. Upon the trial of the action it was found by the court, substantially, that the plaintiff did give up his business in San Francisco about the 15th of November, 1882, and lived with the said Joseph Gall and cared for him until his death, and went into the business of Joseph Gall; and that the plaintiff also procured his name to be changed from Charles Funkenstein to Charles Funkenstein Gall. But it was also found in that action that there was no contract made between the said Joseph Gall and the plaintiff to make a will in favor of the plaintiff, as set forth in the complaint; and for that reason the plaintiff was defeated, and judgment was finally entered dismissing the complaint in that action. Subsequently plaintiff brought this action against the defendant, Amelia Gall, as administratrix of the estate of Joseph Gall, deceased. It is alleged in the complaint in this action that from the 15th day of November, 1882, down to the 22d of May, 1886, the plaintiff performed certain

work, labor, and services at the instance and request of Joseph Gall, deceased, for which Joseph Gall promised and agreed to pay him, and that said services were worth $40,000, and that said Gall had not paid anything therefor. In this action a money judgment was asked for the value of the services. Among other defenses, the answer set up the judgment in the action for specific performance as a bar to the maintenance of this action. Upon the trial, after the plaintiff had made proof tending to establish his cause of action, the judgment roll in the former action was read in evidence, and thereupon, against the objection and exception of the plaintiff, the court ruled that it was a bar to the maintenance of this action by the plaintiff, and for that reason dismissed the complaint.

The question presented upon this appeal is only whether the judgment in the former action operated as a bar to the maintenance of this action by the plaintiff. The rule of law which obtains in such a case is not at all doubtful. Generally stated, it is that the judgment of a court of competent jurisdiction between the parties is, as a plea, a bar, and, as evidence, conclusive in any subsequent litigation where the same question is presented. But the estoppel does not take place unless there has been, or, under the issues as framed, might have been, an adjudication upon the precise point in question. Embury v. Conner, 3 N. Y. 511. Whether that has taken place depends upon the purpose for which the two actions were brought. There is a well-established distinction as to the effect of the estoppel between a case where the causes of action were the same in the adjudged case and that in which the estoppel is pleaded, and a case where the judgment was upon a different cause of action than that in which the estoppel is set up. In the second case a judgment is not an estoppel as to any facts except those litigated and decided therein, and having such a relation to the issue that their determination was necessary to the determination of that issue. House v. Lockwood, 137 N. Y. 259, 33 N. E. 595. But, where a particular claim has been once litigated and determined between the parties, the judgment entered in that action is conclusive between them in all subsequent actions, not only as to every fact which was actually litigated, but as to every fact which ought to have been litigated, in the former action. Bigelow, Estop. 145. When one brings an action upon any question, he is bound to present to the court all the facts which go to establish that claim; and the defendant, in opposing the claim, is also bound to present to the court every defense which he may have against it. The judgment entered upon that claim is conclusive, therefore, not only as to every ground of making the claim, but as to every ground of defense which might have been urged to it; and for that reason, a particular cause of action having once been decided between the parties, the judgment upon that cause of action is conclusive, and it can never be litigated, although different reasons for its validity, and different grounds of defense, might have been presented than were presented in the former action. But this strict rule does not apply unless the causes of ac-

tion were identical, and the same evidence must be given to establish each one. The distinction is laid down in the leading case of Cromwell v. Sac Co., 94 U. S. 351. The rule as laid down above is adopted as the true rule of decision, and the distinction between the effect of an adjudication where the same cause of action is sought to be litigated the second time, and where facts formerly litigated are incidentally brought into another action, is explained and established. In the case of Marsh v. Masterton, 101 N. Y. 401, 5 N. E. 59, the plaintiff had brought an action, alleging that at a certain time he entered into partnership with the defendant; that the two partners were to share equally in the profits of the business; that the business had been carried on profitably for a certain time, and then the partnership dissolved. And he demanded an accounting, and the payment to him of such portion of the profits as he should be entitled to. Upon the trial it was found that there never had been any partnership between the parties, and as a consequence the complaint was dismissed. The plaintiff then brought another action against the same defendant, alleging that, at the time at which it was alleged the partnership had been formed, he entered into an agreement with the defendant to take charge of the business of the defendant, and carry it on and work in that business; and in consideration of his services the defendant agreed to pay him one-half of the profits derived from the business, and he sought a money judgment for the amount agreed to be paid. The defendant sought to set up on the second case the judgment in the first case as a bar, but it was held that the cause of action was not the same, and therefore the former adjudication was not an estoppel. The same rule was laid down, where the question was presented in another form, in Stowell v. Chamberlain, 60 N. Y. 272; and in Bigelow, Estop. (4th Ed.) 145, and following pages, a large number of cases establishing the same rule are cited and commented upon.

It is apparent, then, that the important question upon this appeal is whether the two causes of action in the two suits between the parties hereto are the same. The cause of action in the first case was for the specific performance of an agreement to make a will. The question presented was whether such an agreement had been made by Joseph Gall. Upon that question the rights of the parties depended. The fact of the rendition of services was material only as it afforded a consideration which would be, in equity, sufficient to compel the specific performance of such an agreement if it had been made, but in all other respects the fact of the rendition of the services was entirely immaterial. Nor was the value of those services material in any respect whatever. The case turned entirely upon the question whether Joseph Gall, in his lifetime, entered into an agreement to make a will, as alleged in the complaint in that action. This fact would have been very plain, had the alleged agreement been reduced to writing, when the form of its statement would have been, "In consideration of certain services to be rendered to me, I agree to devise all my property, ex-

cept certain legacies, to Charles F. Gall." Had the agreement, reduced to writing, been shown, it would be very evident that the nature and extent of the services would have been a matter of secondary importance, and bearing only upon the question of their sufficiency as a consideration for the particular agreement which was alleged. In the second action, however, the services themselves, and their rendition, lay at the basis of the action. To enable the plaintiff to recover, he would be required to prove the rendition of the services, and their value, and that he had not been paid for them. Every particle of that proof could be made without necessarily using any of the evidence required upon the former action, except the mere fact that the services had been rendered. Beyond that, and outside of that, the two things were entirely separate. The case is precisely, in that regard, like the case of Marsh v. Masterton. We think, therefore, that the causes of action were not identical, and that the judgment in the first case was a bar only as to those facts which were necessarily litigated in the former action, if there were any such facts.

But it is claimed that the judgment in the other action was a bar, because, as the supreme court has jurisdiction in law and equity alike, it was competent for the court, having decided that the plaintiff was not entitled to equitable relief, to retain the action, that the plaintiff might recover damages for the failure to perform the contract which he alleged in the complaint. To this contention, however, there are two perfect answers: In the first place, the only contract alleged in the former action was the contract to make a will. That contract was not proved, as was found by the court; and, that being so, there was no reason why the court should retain the action for the purpose of giving damages for the breach of a contract which was not proved. In the second place, the case was not one which the court could retain, that the plaintiff might recover damages. The question is not merely a question of the mode of trial. It goes further than that. The cause of action alleged in the complaint in the first action was purely one in equity. There was no aspect of it in which a court of law could have jurisdiction, for the relief demanded was only such as could have been given by a court of equity. It was not a case where, the contract being conceded, the question was whether, in the discretion of the court, specific performance should be directed, or the action retained for damages because it was not a proper one in which to decree specific performance. It was a pure action for equitable relief, and for nothing else. There was no basis in the complaint, or in the facts proved, for the granting of legal relief of any kind whatever; but, if the plaintiff failed to prove his case, the only remedy was to order judgment against him. It is a well-settled rule that in an action commenced upon a contract, as an action in equity, wherein the plaintiff seeks only equitable relief, the court, if it finds that the plaintiff is not entitled to equitable relief, cannot, upon facts which are not alleged or claimed, assess damages, but it must dismiss the complaint. Bradley v.

Aldrich, 40 N. Y. 504;  Dudley v. Congregation of St. Francis, 138 N. Y. 451, 34 N. E. 281;  Hawes v. Dobbs, 137 N. Y. 465, 470, 33 N. E. 560.

For these reasons, we think that the court erred in holding that the judgment in the equitable action was a bar to the maintenance of this action by the plaintiff; and that judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the result of the action.  All concur.