### C. GRAHAM & SONS CO. v. VAN HORN et al.

(Supreme Court, Special Term, New York County. February 5, 1898.)

RES JUDICATA.

    Judgment by default, in action on the first of a series of notes arising out of the same transaction, is res judicata in a second action on later notes in the series, in which the defense and counterclaim is the same.

Action by C. Graham & Sons Company against Alfred Van Horn and others. Judgment for plaintiff.

49 N.Y.S.—26

Hays & Greenbaum, for plaintiff.
Charles Duane Baker, for defendants.

SPRING, J.    This action was brought to recover on three promissory notes, aggregating $2,300.    The notes were three of a series, all given for work done and materials furnished in fitting up a drug store for the defendants.    An action was commenced on the first of the series of notes in the city court of New York, and an answer was interposed, among other things; setting up a counterclaim that the defendants had sustained damages by reason of the negligent and improper performance of the work by the plaintiff.    Judgment was obtained against defendants in that action by default.    The same plaintiff in the case now under consideration sued upon the three of the notes next maturing, and the same defense and the same counterclaim are again interposed.    On the trial the notes and the judgment roll were received in evidence, with the concession that the parties in the two actions were the same, and that all the notes arose out of the same transaction, and, by arrangement among the respective counsel, the trial was suspended for the court to pass upon the question as to the effect of the preceding judgment.    Is it res judicata?    If so, plaintiff is entitled to judgment; if not, the trial will proceed.    It is a rudimentary principle that when one trial has been had upon the merits, and a judgment obtained, such determination is conclusive upon the parties.    The rule is not limited to matters actually litigated, but extends in its scope to every fact fairly within the compass of the pleadings, or that could have been controverted and decided in the first action.    Clemens v. Clemens, 37 N. Y. 59–74;  Deane v. Loucks, 58 Hun, 555, 12 N. Y. Supp. 903;  Newton v. Hook, 48 N. Y. 676;  Gates v. Preston, 41 N. Y. 113;  Williams v. Hays, 64 Hun, 202, 19 N. Y. Supp. 61;  Freem. Judgm. § 330;  Lyman v. Harvester Co., 68 Mo. App. 637;  Union Pac. Ry. Co. v. Chicago, R. I. & P. Ry. Co., 164 Ill. 88, 45 N. E. 488;  Seaver v. Wilder (Vt.) 35 Atl. 351;  Evans v. Cumberland Mills (N. C.) 24 S. E. 215.    And the principle exists in its integrity, even though the judgment is obtained by default or confession, or on an issue tendered by the plaintiff and unanswered by the defendant.    Goebel v. Iffla, 111 N. Y. 170, 18 N. E. 649;  Brown v. Mayor, etc., 66 N. Y. 385–390;  Ostrander v. Hart, 130 N. Y. 406–412 et seq., 29 N. E. 744;  Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367;  Embury v. Conner, 3 N. Y. 511;  Van Vleet, Former Adj. § 159.    In Clemens v. Clemens, 37 N. Y., at page 74, the court of appeals quote approvingly the following:

"Such judgment or adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have been litigating and have had decided as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense."

In Newton v. Hook, 48 N. Y. 676, the action was to recover accrued interest on the promissory notes.    The defendant appeared, but did not answer, and judgment was taken by default.    Subsequently an action was brought to recover the principal unpaid on these two

notes with another of like origin, and the defendant sought to interpose the defense of usury, but the court held he was estopped by the judgment.    In Gates v. Preston, 41 N. Y. 113, it was held that a judgment recovered by a physician for medical services bars an action against him for malpractice.    The doctrine of these cases does not rest upon an actual litigation of the rights of the parties, but the plaintiff, by bringing his action, invites the issue, offers battle, and, if defendant has any defense, the opportunity is given him to present it.    He has his day in court, if he elects to avail himself of the privilege, and, if he remains silent, then he cannot be heard to complain, with the judgment against him.    In the first case the defendants did answer, interposing precisely the averments they now are pressing. Whatever facts now exist had ripened and were in force when the judgment was recovered.    The defendants elected to abandon their defense, and permit judgment to be entered against them, and, within the authorities cited, are estopped as long as the judgment remains in force.    The counsel for defendants urges with much ingenuity that, in order to constitute an estoppel, the former action must involve the identical issues up in the present case; citing Carleton v. Lombard, Ayres & Co., 149 N. Y. 151, 43 N. E. 422, and Cromwell v. County of Sac, 94 U. S. 351; Gall v. Gall, 17 App. Div. 312, 45 N. Y. Supp. 248.    The proposition is unquestionably correct, but the two cases are identical.    The liability to plaintiff arose for services rendered and materials furnished.    As evidences of that claim, the defendants gave to plaintiff a number of promissory notes.    One was sued, and judgment recovered.    Suppose defendants in the first action had appeared on the trial, and the merits of the action as averred in their counterclaim had been tried, resulting in a judgment for plaintiff, could they have interposed a like defense, and retried the merits as each note matured?    When the first note was sued by the original holder, the opportunity for defense was given, and the judgment, whether by default or upon a trial, established the amount unpaid upon that note, and that it was a valid and subsisting demand, not susceptible to attack by defendants.    If, as each note becomes due, the defendants can retry the issues, upon the assumption that the causes of action are not identical, then they present their proofs to each part of the same demand as it falls due, from time to time, as the notes are given for that demand.    The notes are not identical in amounts or dates of maturity, but they are supported by the same consideration, they represent the same indebtedness, and they all had the same inception.    If, by the agreement of the parties, the claim of plaintiff remained in an account against defendants, and was to mature in installments, could the defendant litigate each part of the entire claim as it fell due, after judgment had been recovered on the installment first accruing due?    They might be of different sums, but they would be identical in that they are part of the same demand, and a trial and adverse judgment on one installment would estop defendants very effectually, and, by virtue of the authorities cited, the judgment is equally conclusive, whether by default or after an actual trial.    The case presents no different aspect because the

demand has been adjusted by the giving of the notes.    They are still part of the same claim.

The former judgment is a bar, and plaintiff is entitled to judgment in this action for the amount unpaid on the notes, with costs.