## CROMPTON & KNOWLES LOOM WORKS v. BROWN.

(City Court of New York, General Term. April 27, 1899.)

1. PROMISSORY NOTE—CONSIDERATION—GUARANTY.
   A note given in payment of another note, which the maker of the former had guarantied, and which had been protested, is for a sufficient consideration.

2. SAME—CONCLUSIVENESS OF JUDGMENT.
   A judgment on one of a series of notes given upon the same consideration is conclusive in an action on the other notes.

3. PLEADING—AMENDMENT.
   An answer alleging that the note in suit was given pursuant to an agreement by plaintiff to release his claim against a third person cannot be amended to correspond to proof that the note was given pursuant to an agreement to transfer the claim to defendant, since the variance is a material one.

4. SAME.
   A motion to amend an answer in an action on a note so as to allege that defendant gave the note in consideration of an agreement by plaintiff to transfer to him a claim against a third person, of which he was guarantor, is properly refused when the evidence shows that, before the note was given, such claim had been released with defendant's consent.

Appeal from trial term.

Action by the Crompton & Knowles Loom Works against Wolstan R. Brown on a promissory note. From a judgment entered on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

A. Stewart Holt, for appellant.

Benno Loewy, for respondent.

O'DWYER, J. The action was brought upon a promissory note made and delivered by the defendant to the plaintiff. The answer denied that plaintiff was the holder of said note for value, but affirmatively alleged that the defendant received no consideration for the note in suit. The same was given pursuant to an agreement between plaintiff and defendant to release a corporation known as the Eagle & Phœnix Silk Company from a claim of the plaintiff against said corporation, and that such release was refused, although requested. Upon the trial the plaintiff introduced the promissory note and protest, gave proof of the amount of interest, and then rested. The defendant took the stand, and testified that at the time of the execution of the note he had a conversation with Mr. Hutchins, the president of the plaintiff corporation; that Mr. Hutchins told him he wanted the notes of the Eagle & Phœnix Silk Company paid; and that if he, the defendant, paid them, or would give his notes for them, he would give to defendant the lien that the corporation had on the Eagle & Phœnix Silk Company. He also testified: "I know there was a lien. I never saw it, but I was informed of it. Under the law of the state of Pennsylvania, I could not see it. Machinery delivered in the state of Pennsylvania is a lien upon the property until it is paid for." It was shown on the part of the plaintiff by the same witness that on the 26th of January, 1898, and at the time of the purchase by the Eagle & Phœnix Silk Company of the machinery, the defendant had executed a written guaranty for such purchase price as a consideration for the acceptance by the plaintiff of promissory notes of the Eagle & Phœnix Silk Company; that on the 3d of June two of the promissory notes of the Eagle & Phœnix Silk Company guarantied by the defendant had gone to protest; that a demand was then made upon the defendant by the president of the plaintiff to pay upon his guaranty; that then three promissory notes, embodying the claim of the plaintiff against said company, were given by the defendant; that upon the first due of these promissory notes judgment was obtained by default, which judgment defendant paid; that the second of these notes was paid after suit brought thereon. It thus appeared from the defendant's own proof on the trial that the claim of the plaintiff originally arose from merchandise sold to the Eagle & Phœnix Silk Company; that the purchase price of such merchandise was secured by the promissory note of that company, payment whereof was guarantied by the defendant; and that upon the nonpayment of several of these promissory notes the defendant, being called upon to respond upon his guaranty, made and delivered the promissory notes of which that in the suit is one, and hence that there was a sufficient consideration for the promissory note, viz. the liability upon the defendant's written guaranty; and the defendant must concede that the evidence in his behalf failed to sustain his plea of an unperformed agreement upon the part of the plaintiff to release the Eagle & Phœnix Silk Company from a claim of the plaintiff against said corpora-

tion. The recovery of a judgment upon one of the series of promissory notes, of which the note in suit is also one, was res adjudicata between the parties, and precluded the defendant in the present action. It was conceded that the note included in the judgment (Exhibit D) was given at the same time, upon the same consideration and agreement, as the note in suit. The three notes are spoken of by defendant "as a series." He testified concerning them: "Ultimately I paid the second note. This is the third of the series." Therefore, if any defense existed to the third note, it existed with the same force against the first, and should have been pleaded in the action brought upon that note. The plaintiff, having failed to plead an existing defense, is bound by the adjudication. Brown v. Mayor, etc., 66 N. Y. 385; Gates v. Preston, 41 N. Y. 113; Newton v. Hook, 48 N. Y. 676; Bank v. Birch, 130 N. Y. 221, 29 N. E. 127; C. Graham & Sons Co. v. Van Horn (Sup.) 49 N. Y. Supp. 401.

The motion made by the defendant at the close of the evidence, to amend the answer to conform to the proof, so that it shall read that the defendant gave such note pursuant to an agreement by the plaintiff and the defendant, whereby the plaintiff agreed to transfer to the defendant its lien upon the property of the Eagle & Phœnix Silk Company, was properly denied. The variance between the plea and proof was not an immaterial variance, such as could be amended under section 539 of the Code, but was, in effect, the substitution of an entirely new defense, which was not permissible upon such a motion. Furthermore, upon the merits it appeared that nearly three months before the making of the alleged contract, viz. on the 17th of March, 1898, the defendant had, in writing, assented to a release given on that day by the plaintiff to the Eagle & Phœnix Silk Company of all claims, mechanics' liens, and so forth, affecting the machinery sold to said company by the plaintiff.

The plaintiff was entitled to the verdict directed, and the judgment thereon should be affirmed, with costs. All concur.

