(28 Misc. Rep. 513.)

CROMPTON & KNOWLES LOOM WORKS v. BROWN.

(Supreme Court, Appellate Term. July 26, 1899.)

1. JUDGMENT ON NOTE OF A SERIES—RES ADJUDICATA.
     A judgment by default on the first note of a series arising out of the same transaction is res adjudicata between the parties as to the validity of all the notes of the series, and precludes the defendant from showing failure of consideration in an action on the last note.

2. APPEAL—REVIEW—DISCRETION OF LOWER COURT.
     The refusal of the trial court to allow an amendment of a pleading is not reviewable, where its allowance was discretionary.

Appeal from city court of New York, general term.

Action by the Crompton & Knowles Loom Works against Wolston R. Brown. From a judgment for plaintiff entered on a directed verdict (57 N. Y. Supp. 823), defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Philip Carpenter, for appellant.

Benno Loewy, for respondent.

LEVENTRITT, J. In January, 1898, the Eagle & Phœnix Silk Company purchased machinery of the plaintiff, which agreed to receive the notes of the silk company, provided the defendant would guaranty their payment. The guaranty was executed, and the notes accepted. The notes having been dishonored, demand was made on the defendant for their payment according to the terms of the guaranty, whereupon, at his request, in substitution of his liability under the guaranty, the plaintiff accepted his three notes, maturing at different dates. When the first note fell due, it was protested for nonpayment. Suit was then brought, and the defendant suffered judgment by default to be taken. He thereafter paid the judgment. The second note was similarly protested and sued on, but, before the time to plead had expired, it was likewise paid. This action is brought on the third note. The complaint contains allegations of the making, delivery for value, ownership, presentation, nonpayment, and protest. The answer denies that the plaintiff is a holder for value, and sets up as a separate defense that the note was given pursuant to an agreement that the plaintiff would release its claim against the silk company, which, though requested, it had refused to do, and that hence there was failure of consideration. On the trial the plaintiff introduced the note and notice of protest, and rested. The defendant, inconsistent with the special plea of his answer, sought to prove an alleged agreement made at the time of the giving of the three notes that the plaintiff would assign to him the lien it held on the machinery of the silk company. The plaintiff met this proof by putting in evidence the judgment roll in the action on the first note of the series.

We are of the opinion that the default judgment is res adjudicata for this action, and that the defendant is precluded from questioning the validity of the note in suit. "The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided." Andrews, J., in Pray v. Hegeman, 98 N. Y. 351. This statement of the rule has been recently quoted with approval, in hæc verba, in Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367; and it is evident that it is broad enough to include judgments

taken by default. White v. Merritt, 7 N. Y. 352; Newton v. Hook, 48 N. Y. 676; Brown v. Mayor, etc., 66 N. Y. 385; Ostrander v. Hart, 130 N. Y. 412, 29 N. E. 744; Reich v. Cochran, supra; Goebel v. Iffla, 111 N. Y. 170, 177, 18 N. E. 649; C. Graham & Sons Co. v. Van Horn (Sup.) 49 N. Y. Supp. 401.

In Ostrander v. Hart, 130 N. Y. 412, 29 N. E. 745, the court says:

"If judgment had been entered by default, assuming that the court had jurisdiction, it would have been as conclusive, as to all facts properly alleged in the complaint, as if it had been rendered after issue joined, trial had, and findings made."

In Goebel v. Iffla the rule is declared to apply "as well to a judgment by default, when the facts stated warrant the relief sought, as to one rendered after contest," while in Brown v. Mayor, etc., 66 N. Y., at page 390, it is held to extend, "not only to judgments rendered after a litigation of the matter in controversy, but to judgments rendered upon default or confession."

Newton v. Hook was an action brought against the defendant, as indorser, to recover the amount of three promissory notes, payable in one, two, and three years, respectively, with interest payable semi-annually. The plaintiff proved a judgment in his favor against the defendant and the maker of the note, in an action brought to recover payment of interest due upon two of the notes. The complaint in that action had been personally served. The defendant had appeared by counsel, but, upon his failure to interpose an answer, judgment had been taken against him by default. All the notes grew out of the same transaction. It was held that this judgment estopped the defendant from pleading the defense of usury in the later suit.

C. Graham & Sons Co. v. Van Horn (decided at the special term of the supreme court in this county in February, 1898) 49 N. Y. Supp., at page 403, is closely analogous to the case at bar. There the defendants, after having interposed an answer, and having permitted judgment by default to go against them in an action on the first of a series of notes arising out of the same transaction, sought to interpose the same defense and counterclaim in a second action, on later notes of the series. The effect of the previous judgment was held to be res judicata:

"The plaintiff, by bringing the action, invites the issue, offers battle, and, if defendant has any defense, the opportunity is given him to present it. He has his day in court, if he elects to avail himself of the privilege, and, if he remains silent, then he cannot be heard to complain, with the judgment against him. * * * The defendants elected to abandon their defense and permit judgment to be entered against them, and, within the authorities cited, are estopped as long as the judgment remains in force."

In view of these several authorities, failure to plead is attended with the same result as if the defendant had pleaded and then defaulted. The failure to interpose an answer impliedly admitted the truth of all of the allegations of the complaint, and the judgment entered in favor of the plaintiff on the first note of the series was a direct adjudication of the defendant's liability on this note. The three notes represented one transaction. Both defenses pleaded, as well as the additional one sought to be proved inconsistently with the answer, were available to the defendant at the time suit was

begun on the first note. All the issues which the defendant would now raise might have been litigated in the first suit. The defendant let the opportunity to interpose his defense go by. He cannot re-create it now. His remedy was to move to vacate or set aside the default judgment. While that stands unimpaired, the defenses of which he would now avail himself are barred. The distinction sought to be drawn by the appellant in order to escape the effect of the default judgment is disposed of adversely to his contention in C. Graham & Sons Co. v. Van Horn, supra, where several cases relied upon by the appellant are satisfactorily distinguished.

The refusal of the trial justice to permit an amendment of the answer so as to conform pleading to proof is not reviewable in this court. Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687; Belsena Coal-Min. Co. v. Liberty Dredging Co., 27 Misc. Rep. 191, 57 N. Y. Supp. 739. Even had the motion to amend been granted, however, we do not see how the defendant's position would have been improved. Whether the agreement was to release the lien against the silk company, or to assign the claim against it, the defense based on a violation of the agreement—even conceding that it could accrue before the final note had been paid—existed when suit on the first note of the series was instituted. The judgment must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.