(56 Misc. Rep. 612.)

### DANA v. THAW et al.

(Supreme Court, Appellate Term.   December 20, 1907.)

JUDGMENT—VACATING DEFAULT.

Vacating a judgment after default and inquest should not be as a matter of course, but only on papers showing not only a reasonable excuse for defendants' neglect, but facts constituting a defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 250, 251.]

Appeal from City Court of New York, Special Term.

Action by Charles L. Dana against Mary C. Thaw and another. From an order granting defendants' motion to vacate a judgment entered on an inquest after default, plaintiff appeals. Reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Adam Frank, for appellant.
Hartridge & Peabody, for respondents.

FORD, J. Plaintiff appeals from an order vacating a judgment against defendants, rendered upon default and after inquest taken. The moving papers show facts upon which the court might easily have excused the default. They also contain an affidavit of merits and a verified answer. But they do not shed a ray of light upon what defense the defendants have. This omission is the more significant in view of the sworn statement of defendants' counsel that he believes they have a good and substantial defense upon the merits "from his own personal knowledge of the facts in the case." Those are the facts which he should have laid before the court, to enable it to pass upon their value as defensive material.

On the inquest plaintiff's case in detail was spread upon the record in the testimony given by the plaintiff and his principal witness. The court should have insisted upon getting at least an intelligent idea as to how defendants proposed to meet that testimony before vacating the judgment. Upon an appeal to the Appellate Division of this department from an order vacating a judgment taken after default and inquest, as was the judgment here, Mr. Justice Clarke, writing for the court, says:

"Parties seeking to be relieved from their defaults must show a reasonable excuse for their neglect and must establish a meritorious case before they are entitled to the favor of the court." Clews et al. v. Peper, 112 App. Div. 430, 98 N. Y. Supp. 404.

So in Butterick Publishing Co. v. King, 15 App. Div. 403, 44 N. Y. Supp. 60, Mr. Justice Ingraham says:

"They [the defendants] say that they then discovered a defense; but, to entitle them to set aside the judgment under such circumstances, it is only fair that they should frankly disclose to the court the facts upon which the defense is founded, so that it can be seen whether or not there is a substantial defense upon the merits. In this case, both in the affidavits upon which the motion was made and in the proposed answer, the defendants carefully avoid stating the facts which would enable the court to determine whether or not they have a valid defense upon the merits."

The same rule was emphatically laid down in an opinion by the late Presiding Justice Van Brunt as follows:

"We think that the learned counsel for the appellant is entirely mistaken in supposing that the doctrine has ever been established that when an affidavit of merits is presented, and there are no suspicious circumstances connected with the application, a default will necessarily be opened. Although decisions to that effect may be found, yet still the practice of the court has been against so loose a procedure as this; and the applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by an affidavit of merits." Deane v. Loucks, 58 Hun, 555, 12 N. Y. Supp. 903.

In the case of Davis v. Solomon, 25 Misc. Rep. 695, 56 N. Y. Supp. 80, this court unanimously reversed an order vacating a judgment taken by default for failure to answer ready upon the call of the calendar. Mr. Justice Gildersleeve in his prevailing opinion says:

"It is true that the granting of an order opening a default is within the discretion of the court below, and cannot be reviewed by this court, unless there has been a gross abuse of such discretion. See Lawrence v. Farley, 73 N. Y. 187; De Llamosas v. De Llamosas, 62 N. Y. 619. It is, however, the duty of this court to examine the papers upon which the application was

based, for the purpose of seeing whether the legal foundation has been laid for the order opening the default. If the affidavits are not found to be sufficient to bring the case within the law authorizing the application, it is clearly the province of this court to reverse the decision of the court below. See Burnell v. Coles, 23 Misc. Rep. 616, 52 N. Y. Supp. 200."

That the practice of opening defaults as a matter of course has grown up is no excuse for its continuance, but rather accentuates the necessity for its condemnation.

The order should be reversed, with costs, and the motion to open the default denied, with $10 costs, with leave to renew on proper papers. All concur.