HARVEY v. GILLIES.

(Supreme Court, Appellate Term.   May 27, 1909.)

APPEAL AND ERROR (§ 957*)—JUDGMENT—VACATION—DISCRETION.

Exercise of the trial court's discretion in refusing to open defendant's default will not be reviewed, unless defendant has affirmatively shown that the default was unintentional and excusable and that he has a good defense, which he may reasonably expect to prove on the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. § 957.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Christopher J. Harvey against John Gillies, impleaded with others. From an order denying defendant Gillies' motion to open his default, he appeals. Affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Frank V. Johnson (Louis Cohn, of counsel), for appellant.
Alfred J. Talley, for respondent.

LEHMAN, J. The plaintiff herein has obtained a judgment against the defendant Gillies upon an inquest taken upon the defendant's default. The defendant thereupon moved that his default be opened, and he appeals to this court from the order denying this motion.

Upon the motion the defendant presented a reasonable excuse for the default, and an affidavit of merits, based upon an affidavit of the defendant showing, in effect, that defendant relies on his general denial. It is entirely within the discretion of the trial justice whether a default shall be opened; and we should not disturb this discretion, unless the applicant for relief has affirmatively shown that the default was unintentional and excusable and that he has a good defense, which he may reasonably expect to prove on a trial. In this case we must repeat the opinion of this court in Dana v. Thaw, 56 Misc. Rep. 612, 107 N. Y. Supp. 870:

"On the inquest the plaintiff's case in detail was spread upon the record in the testimony given. * * * The court should have insisted upon getting at least an intelligible idea as to how the defendants proposed to meet that testimony before vacating the judgment."

It seems to me that the affidavits of the defendant herein may well have been considered by the justice as failing to show sufficiently that the defendant really has a meritorious defense, and on this ground we should affirm the order appealed from with costs, but with leave to renew on proper papers.

Order affirmed, with $10 costs and disbursements, with leave to renew on proper papers. All concur.