## MILLER v. PETTERS et al.

(Supreme Court, Appellate Term, First Department. January 13, 1913.)

JUDGMENT (§ 161*)—OPENING DEFAULT—SUFFICIENCY OF SHOWING.

Defendant's motion to open a default should have been granted, where his affidavits, if true, showed that he probably had a meritorious defense, though his proposed answer was improperly verified.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 317, 318; Dec. Dig. § 161.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Miller against Frank Petters, impleaded with another. From an order denying motion to open default, defendant Petters appeals. Reversed, and motion granted, upon condition.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Harry Cook (Nathan April, of New York City, of counsel), for appellant.

Nathaniel Tonkin, of New York City, for respondent.

PER CURIAM. The defendant appeals from an order denying his motion to open his default. The justice at Special Term seems to have found that the papers showed a sufficient excuse for the default, but denied the motion, with leave to renew, on the ground that the moving papers fail to comply with Dana v. Thaw, 56 Misc. Rep. 612, 107 N. Y. Supp. 870. The affidavits show sufficient facts to enable the court to determine that the defendant has probably a meritorious defense, if these facts be true. The proposed answer is verified improperly, but that is apparently a mere clerical error. It seems to us that the defendant's default should therefore be opened, and he be permitted to serve a duly verified answer upon proper terms.

The order should therefore be reversed, without costs, and the motion granted, upon payment of taxable costs, and upon the defendant giving a surety company bond for the amount of the judgment.