BELLE ABELOW, Respondent, *v.* BRADLEY CONTRACTING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

**Trial — when action called for — engagement of defendant's counsel in trial in another court — when inquest unauthorized — default.**

> Where at the time a City Court action was called for trial it appears that the case should be passed because of the actual engagement of defendant's counsel in the trial of an action in the Supreme Court an inquest is unauthorized, and an order denying defendant's motion to set aside its default will be reversed and the motion granted.

Supreme Court, Appellate Term, December, 1916.    [Vol. 97.

APPEAL by defendant from order denying its motion to set aside its default taken at trial term, City Court of the city of New York.

Frederick L. C. Keating (Joseph A. Corbett, of counsel), for appellant.

Barnett E. Kopelman, for respondent.

GUY, J.   The action is to recover damages for personal injuries, and it is uncontradicted that on November 9, 1916, when the justice directed plaintiff's attorney to take an inquest, defendant's attorney was actually engaged in the trial of a cause in the Supreme Court.   That an affidavit showing the engagement was submitted to the justice is disputed, but it is clear that the request was made in defendant's behalf that the cause be passed for the day on account of the engagement of defendant's counsel.

Counsel for the defendant being actually engaged at the time the cause was finally called for trial on November ninth it would seem, in the absence of special facts, that the adjournment should have been granted.   As authorizing the inquest taken the respondent relies upon the rule of the City Court that " in no event shall a cause on the day calendar be passed from day to day on account of the engagement of counsel for more than two days."   But although the cause appeared on the day calendar for the first time October 19, 1916, and was adjourned several times on the defendant's request, and on at least two of these occasions because of the engagement of counsel, it satisfactorily appears that it was on the " reserved " list of cases November sixth, that on November eighth it was passed on the engagement of counsel, and on the following day the inquest was

ordered and taken notwithstanding such continued engagement. So that the rule of the City Court does not apply for the reason that the cause had not been passed from day to day for more than two days on account of the engagement.

It is also stated in the affidavit of plaintiff's attorney that at the time of taking the inquest the justice " had stated upon the record in words or substance that he had observed during his experience that this defendant deliberately permits inquests to be taken with the view of obtaining evidence of plaintiffs and then move to open the default and thus have full knowledge of plaintiff's case before going into trial, and that for that reason the defaults so suffered should not be opened." Assuming the correctness of this statement the action of the trial judge would ordinarily have been commendable, but as under the rules the engagement of counsel in the circumstances disclosed required that the case be passed, and as the ruling apparently was not based on the absence of an affidavit, the ordering of the inquest was unwarranted.

The requirement laid down in *Dana* v. *Thaw*, 56 Misc. Rep. 612, that defendant state the facts constituting his defense is not applicable. The moving papers contain a satisfactory affidavit of merits, and defendant's counsel had the right to rely upon the observance of the rules by the trial court.

Order reversed, with ten dollars costs and disbursements, and motion granted.

BIJUR and SHEARN, JJ., concur.

Order reversed, with ten dollars costs and disbursements.