(3 Misc. Rep. 61.)

DRY DOCK, E. B. & B. R. CO. v. NORTH & EAST RIVER RY. CO.

(Common Pleas of New York City and County, General Term. March 14, 1893.)

1. ACTION FOR RENT—RES JUDICATA.
 In an action on a lease for an installment of rent payable quarterly in advance, a former judgment between the same parties on the same instrument in an action for rent, which determined that an installment fell due on the 1st of March, establishes the fact that another installment was payable on the 1st of December.

2. CORPORATIONS—ACTIONS—PROOF OF CORPORATE EXISTENCE.
 Proof of corporate capacity is not necessary unless it be challenged by an affirmative allegation of no corporation.

3. PLEADING NONPAYMENT OF DEBT—EFFECT OF GENERAL DENIAL.
 In an action for money on contract, when the complaint alleges nonpayment, a mere denial raises no issue as to the fact of non-payment.

(Syllabus by the Court.)

Appeal from trial term.

Action by the Dry Dock, East Broadway & Battery Railroad Company against the North & East River Railway Company to recover money due on a lease. A judgment was entered on a verdict directed by the court in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Kellogg, Rose & Smith, (L. Laflin Kellogg, of counsel,) for appellant. James & Thomas H. Troy, for respondent.

PRYOR, J. On the 15th February, 1890, the plaintiff, for a stipulated rental of $1,500 a year, payable quarterly in advance, let to the defendant the privilege of running its cars on plaintiff's railroad tracks, "payments commencing from the time the said party of the second part shall exercise or avail itself of the consent and privilege hereby given." On an allegation of a default by defendant to pay an installment of rent due 1st of December, 1891, plaintiff brought this action to recover $375. Putting in evidence the agreement called a "lease," and a former judgment between the parties, plaintiff rested; and thereupon defendant moved to dismiss the complaint, for defect of proof of liability under the lease, and of rent due on the 1st of December. Upon denial of the motion the defendant offered no evidence, and the court directed a verdict for the plaintiff.

Appellant's contention that no right of recovery was shown, is clearly untenable. In a former action between the same parties upon the same instrument plaintiff recovered an installment of rent "which became due on the 1st day of March, 1891, in advance for the quarter then commencing." This judgment conclusively established defendant's liability under the lease, and that an installment of rent fell due on the 1st of March. As by the terms of the lease the rent

was payable quarterly in advance, and by the judgment a quarter's rent became due on the 1st of March, the inevitable result was that another installment was payable on the 1st of December. "The estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, were comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary that issue should have been taken upon the precise point controverted in the second action." Manufacturing Co. v. Walker, 114 N. Y. 7, 20 N. E. Rep. 625; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. Rep. 292. The efficacy of the former judgment was not impaired by the fact that it was taken by default. Brown v. Mayor, 66 N. Y. 385; Bullard v. Sherwood, 85 N. Y. 253; Gates v. Preston, 41 N. Y. 113; Newton v. Hook, 48 N. W. 676. Appellant contends nevertheless that the corporate capacity of the plaintiff was not proved on the trial. Assuming this fact not adjudicated by the former judgment, still the objection is unavailing, since the answer contains no affirmative allegation that the plaintiff is not a corporation. Code, § 1776. Again, appellant insists that there was no evidence of default in the rent, but the complaint alleges its nonpayment, and the answer, simply a denial, raises no issue as to the fact. Lent v. Railway Co., 130 N. Y. 504, 29 N. E. Rep. 988.

Judgment affirmed, with costs. All concur.