Edward L'Estrange Phipps, Respondent, *v.* John Oprandy,
Appellant.

Res adjudicata — *a judgment by default for rent — it is conclusive in an action for
rent subsequently accruing — a complaint not served is proof of the jurisdictional
facts — authentication of a judgment roll in the City Court of Mt. Vernon.*

In an action against the surety on a lease for a term of twenty-nine months com-
mencing December 1, 1898, at a yearly rental, payable monthly in advance, to
recover rent due under the lease for the months of September, October,
November and December, 1899, in which it appears that in an action thereto-
fore brought the plaintiff had previously obtained a judgment against the
defendant by default for the rent becoming due July and August, 1899, the
judgment rendered in the former action is *res adjudicata* as to any defense
which the defendant might have interposed therein, *e. g.*, a defense based upon
an alleged constructive eviction and abandonment occurring in May, 1899.

A copy of the judgment roll in an action in the City Court of Mt. Vernon is
properly authenticated by the certificate of the clerk of the court under sec-
tion 933 of the Code of Civil Procedure and sections 106 and 107 of the charter
of the city of Mt. Vernon (Laws of 1892, chap. 182).

Resort may be had to the verified complaint in the action in the City Court of
Mt. Vernon for the purpose of ascertaining the existence of the jurisdictional
facts, notwithstanding that no copy of such complaint was served upon the
defendant.

Appeal by the defendant, John Oprandy, from a judgment of
the County Court of the county of Westchester in favor of the
plaintiff, entered in the office of the clerk of the county of West-
chester on the 21st day of March, 1901, upon the decision of the
court rendered after a trial before the court without a jury.

*Roger M. Sherman*, for the appellant.

*Arthur M. Johnson*, for the respondent.

Goodrich, P. J.:

The plaintiff sued the defendant as surety upon a lease to one
Canino of premises at Mount Vernon for a term of twenty-nine
months, commencing December 1, 1898, at the yearly rental of
$276, payable $23 monthly in advance. The complaint alleges that
Canino failed to pay rent for September, October, November and
December, 1899. It is alleged in the answer in substance that the

App. Div.—Vol. LXIX.　　32

plaintiff agreed to give Canino the full enjoyment and occupancy of the premises with the use and enjoyment of "water privileges and the supply thereof upon said premises," but that he "violated the agreement upon his part, and ejected said Canino from said premises, depriving him of the use and enjoyment of water privileges and the supply thereof upon said premises, during all that time, so that said Canino surrendered said premises and elected, as was his right thereunder, to terminate the contract for use and occupation aforesaid."

At the trial the plaintiff offered in evidence the judgment roll in an action in the City Court of Mount Vernon, wherein the present plaintiff was plaintiff and the present defendant was defendant. That action was brought on the guaranty for the rent for July and August, 1899, and the plaintiff recovered a judgment by default. The defendant objected to the introduction of the copy of the judgment roll on the grounds that it was not properly certified, that no complaint was served with the summons, and that the summons contained no facts which conferred jurisdiction.

The copy was properly authenticated by the certificate of the clerk of the court, under section 933 of the Code of Civil Procedure, and sections 106 and 107 of the charter of the city of Mount Vernon (Laws of 1892, chap. 182).

It makes no difference that a copy of the complaint was not served with the summons. In *Beaudrias* v. *Hogan* (23 App. Div. 83) we held that the jurisdictional facts necessary to support the judgment of a court of limited jurisdiction (in that case the City Court of Yonkers), where such judgment is assailed, may be shown by parol, where the record fails to recite such facts. Although no copy of the complaint was served upon Oprandy, we may resort to the complaint as evidence upon the question of jurisdiction. It alleges that the plaintiff and defendant at the time of the commencement of the action were residents of the city. It was verified August tenth; the judgment was rendered August twelfth, and the clerk certifies that the complaint is a part of the judgment roll.

The judgment roll was not essential to prove the default of Canino in the payment of rent for September, October, November and December, as there was other and direct evidence upon that point. But the defendant contends that it was not *res adjudicata* as to con-

structive eviction. The defendant proved that Canino left the premises before the last of May, 1899, and he offered evidence to prove that on May sixth the plaintiff shut off the water supply; that the premises were thereby rendered untenantable, and that subsequently Canino abandoned and left the premises on that account. To this the plaintiff objected on the ground that the judgment in the former action was *res adjudicata.*

In such former action the judgment was rendered by default, but the judgment is *res adjudicata* upon any defense which the defendant might have interposed. The defendant might have set up the defense of constructive eviction. But in the present action he alleges an actual eviction, a surrender of the premises by Canino, his right to terminate the lease and his occupation of the premises. He proved that Canino abandoned the premises in May, that is, before the commencement of the former action. That eviction and abandonment, if it constituted a defense, might have been set up in the former action, and as the defendant did not avail himself of it he is concluded by the former judgment.

The judgment should be affirmed.

All concurred.

Judgment of the County Court of Westchester county affirmed, with costs.