(48 Misc. Rep. 498)

### STANDARD SUPPLY & EQUIPMENT CO. v. MERRITT.

(Supreme Court, Appellate Term.   November 24, 1905.)

**1. JUDGMENT—DEFAULT JUDGMENT—CONCLUSIVENESS.**
   A default judgment is as effective as an adjudication as one which follows a contested trial.
   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 244.]

**2. SAME—EVIDENCE—ADMISSIBILITY OF DEFAULT JUDGMENT.**
   A default judgment, rendered in an action involving the identical issues in another action between the same parties, is admissible on the trial of the latter action as conclusive evidence of the facts at issue, though not pleaded.
   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1806.]

**3. TRIAL—DIRECTION OF VERDICT.**
   Where the facts on a trial were conclusively determined by the admission in evidence of a default judgment rendered in an action between the same parties involving the same issues, the court properly directed a verdict.

**4. SAME—REOPENING CASE FOR ADMISSION OF EVIDENCE—DISCRETIONARY POWER.**
   A court, reopening a case after both parties had rested for the purpose of admitting in evidence a default judgment rendered in an action between the same parties involving the same issues, did not abuse its discretion.
   [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 160.]

Appeal from City Court of New York.

Action by the Standard Supply & Equipment Company against William J. Merritt. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

John Larkin, for appellant.
Edwin Louis Garvin, for respondent.

SCOTT, P. J. In April, 1904, the defendant gave to plaintiff four promissory notes, aggregating $6,500, upon the purchase of certain machinery. The notes all rested upon the same consideration. The four notes were sued separately, and the pleadings in each case were so far identical that the same issues were presented in each. After this action had proceeded to issue, and before the trial, one of the other actions came on for trial, and defendant defaulted. Whereupon judgment in favor of the plaintiff was entered. That judgment had not, when

this action was tried, been vacated or reversed. Upon the trial of this action, after much testimony had been taken, the plaintiff introduced in evidence the judgment in the other action, whereupon the learned justice, holding the defendant's liability to be res judicata directed a verdict for the plaintiff. As has been said, the issues in the two actions were identical, and consequently, upon the plainest principles, the judgment first obtained was conclusive evidence as to every relevant and contested fact in favor of the plaintiff. It does not matter that the first judgment was obtained by default, because such a judgment is precise‡y as effective as an adjudication as one which has followed upon a contested trial. Henriques v. Yale University, 28 App. Div. 354, 51 N. Y. Supp. 284.

Nor is it of any moment that the judgment was not pleaded. The issues between the parties were issues of fact to be determined by evidence. The judgment was conclusive evidence between the parties as to the facts necessarily involved, and it was as such evidence that it was offered and received. It is only when it is desired to use a judgment as a bar that it is necessary to plead it. It may, without being pleaded, be used as evidence, and conclusive evidence, of the facts established thereby. Krekeler v. Ritter, 62 N. Y. 372. All the facts involved in the issues raised by the pleadings having been thus conclusively determined in plaintiff's favor, there was nothing left for submission to the jury, and the court was right in directing a verdict.

For the same reason it is unnecessary to consider any of the exceptions to the admission or rejection of evidence. The court acted within its discretionary powers in permitting the plaintiff to reopen the case and offer the judgment in evidence after both parties had rested, and his exercise of this power calls for no action on our part.

Judgment affirmed, with costs. All concur.