HEINZ BRODHAUF, Respondent, v. FLOYD WOODROW, Appellant.— Appeal from an order of the Supreme Court, Fulton County, entered September 2, 1952, denying the motion of the defendant to dismiss the complaint on the ground of *res judicata*. The plaintiff had sued the defendant and another for trespass in wrongfully entering upon his premises and cutting and removing timber. The jury, upon the trial of that action, rendered a verdict of no cause of action and a judgment dismissing the complaint was accordingly entered. Thereafter, the present action was brought by the plaintiff under article 15 of the Real Property Law to determine the title to the real property. The court below correctly ruled that the prior judgment was not *res judicata*. The verdict in favor of the defendants in the prior action could have been based upon the ground that the defendants had not committed any acts of trespass or it could have been based upon the ground that the particular portion of the premises upon which the trespass was found to have been committed was not owned by the plaintiff. The prior judgment was therefore not determinative of the issue of title raised in the present action. The cause of action in the second action being different from that in the first, the defendant cannot assert that the second action was barred by the judgment but can only invoke the theory of estoppel by prior judgment. "The estoppel is limited in such circumstances to the point actually determined" in the prior litigation (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307). Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Imrie, J., taking no part.