OPINION OF THE COURT
Eli Wager, J.
The primary issue raised on this motion by plaintiff for summary judgment on her claim for installments due on a contract to purchase stock or for dismissal of defendant’s affirmative defenses and counterclaims is whether the three default judgments she obtained on claims for prior installments preclude the defendant from now contesting the legality of the contract and bar it from recovering the amounts paid in satisfaction of the prior judgments. A secondary issue is the fact that defendant had previously voluntarily paid some 35 installments.
Plaintiff Olga Heine acquired stock in the defendant corporation under the will of her husband who died in 1973. On September 15, 1973, she entered into an agreement with the corporation (by the then president) to sell half her shares, the purchase price to be paid by the corporation in 60 monthly installments. Payments were made by defendant voluntarily for a period of 35 months — through August, 1976 — and then they abruptly ceased.
*594 Plaintiff brought an action in 1976 to recover the payments due in September and October of that year, an action which resulted in a default judgment enforced by an execution issued to the Sheriff of New York County. She brought a second action in 1977 to recover installments due in November and December, 1976, and January and February, 1977, and obtained a second default judgment which was enforced by a proceeding against the defendant’s bank. She obtained a third default judgment in 1977 for installments due in March and April of 1977 which was also enforced against defendant’s bank. All three judgments appear to be clerk’s judgments entered pursuant to CPLR 3212 (subd [a]). A fourth action in which plaintiff asserts a second cause of action for “infliction of intentional harm” as well as a first cause to action to recover installments due in May, June, July and August, 1977, is still pending, as is a fifth action to recover installments due in September, October, November and December, 1977 and January, February, March, April and May, 1978. In this action, plaintiff seeks to recover the last four installments due in June, July, August and September, 1978.
Defendant pleads, as a first affirmative defense, that the 1973 agreement to purchase plaintiff’s stock was illegal because the corporation was or would be rendered insolvent (Business Corporation Law, § 513) and, in the first counterclaim, recovery is sought of the amounts paid “since the making of the agreement.” Plaintiff replies to the first counterclaim by asserting that since this action was commenced on January 13, 1982, and the last voluntary payment by the defendant was made in August, 1976, recovery of payments made prior thereto is barred by the State of Limitations and that recovery is in any event precluded by the judgments entered and enforced by her.
THE CONCLUSIVENESS OF THE DEFAULT JUDGMENTS
The threshold issue is whether defendant is estopped by virtue of the three default judgments to plead the illegality of the 1973 agreement as a defense to this action. The merits of the defense are not an issue here.
Collateral estoppel or “issue preclusion” is defined in section 27 of the Restatement of Judgments, 2d, as follows: *595 “When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.”
This formulation would appear not to be applicable to default judgments, and, indeed, the Restatement in Comment e (“Issues not actually litigated”) makes the point: “In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action” (p 257).
In New York, however, a default judgment is deemed to be as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after an answer and contest (Matter of Libow, 46 Misc 2d 919, 923, citing Barber v Kendall, 158 NY 401; Adamik v Adamik, 190 Misc 851; see, also, Crouse v McVickar, 207 NY 213; Tax Lien Co. of N. Y. v Schultze, 213 NY 9; Goebel v Iffla, 111 NY 170; Mitchell v Insurance Co. of North Amer., 40 AB2d 873; Sadler v Trisan, 20 AD2d 857; see 2 Freeman, Judgments [5th ed], § 662).
“The general rule is well settled,” Judge Andrews wrote in Pray v Hegeman (98 NY 351, 358), “that the estoppel of a former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. (Embury v. Conner, 3 Comst. 522; Dunham v. Bower, 77 N. Y. 76.) It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided” (see, also, Statter v Statter, 2 NY2d 668; Stokes v Foote, 172 NY 327).
Thus, it appears that the estoppel is limited to the point “actually” determined (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304; Sielcken-Schwarz v American *596 Factors, 265 NY 239; Brodhauf v Woodrow, 283 App Div 760; see Cromwell v County of Sac, 94 US 351) and “necessarily decided.” In contested matters, the rule applies to an issue “necessarily” decided even where the particular issue was not contested (Matter of Maloney, 90 AD2d 551; see Viola v Scandore, 195 NYS2d 361, affd 9 AD2d 922, an action involving a series of nonaccelerating promissory notes where an earlier judgment was deemed to have depended upon a finding that defendants had no valid defense, thus precluding a defense not raised in the earlier action [compare Restatement, Judgments 2d, § 27, illustration 6, p 254]).
Because a default judgment in a doctor’s action for services rendered “necessarily” implies performance by him of the contract, the patient is estopped by the judgment in a subsequent action for malpractice arising out of the rendition of the same services (see, e.g., Blair v Bartlett, 75 NY 150; Gates v Preston, 41 NY 113; Kossover v Trattler, 82 AD2d 610; Goldfarb v Cranin, 35 Misc 2d 126; see, also, Tillotson v Shulman, 73 AD2d 688; Kagan Meat & Poultry v Kalter, 70 AD2d 632 [legal malpractice]). The doctrine is inapplicable where the malpractice is alleged to have occurred during a period subsequent to the period covered in the prior action (Kossover v Trattler, supra).
Although the rule relating to the estoppel of a default judgment appears to have been first enunciated in New York in malpractice actions, it has been applied to cases involving installments or periodic payments due under a contract. It has been held that the estoppel of a default judgment rendered in a summary proceeding to recover an installment of rent extends to every question relating to the validity of the lease and the relation between the parties (see Reich v Cochran, 151 NY 122; Dry Dock R. R. Co. v North & East Riv. R. R. Co., 3 Misc 61; Brown v Mayor, Aldermen & Commonalty of City of N. Y., 66 NY 385; Prince v Schlesinger, 116 App Div 500, affd 190 NY 546; Phipps v Oprandy, 69 App Div 497; Klein v Federbush, 2 Misc 2d 791; cf. RPAPL 747) and that a default judgment on one of a series of promissory notes given as part of the purchase price is conclusive on the issue of the defendant’s liability in a subsequent action on a later note in the series *597 (see Crompton & Knowles Loom Works v Brown, 28 Misc 513; see, also, Newton v Hook, 48 NY 676; Graham & Sons Co. v Van Horn, 49 NYS 401; Standard Supply & Equip. Co. v Merritt, 48 Misc 498). Precluded in Crompton was the defense of failure of consideration and in Newton it was the defense of usury.
Research reveals but one case in New York involving separate installments to be paid periodically pursuant to a contract where defenses going to the enforceability of the contract were entertained in a second action after the defendant’s default in an action on a prior installment. In Silver Dresses v Parker (73 NYS2d 704) the court considered and rejected each of several defenses and applied the doctrine of res judicata only to the defendant’s counterclaim for the amount collected by the levy of execution on the prior judgment. Although there are jurisdictions where, as in Silver Dresses, a default judgment on one installment does not estop a party from pleading the contract’s invalidity in a subsequent action (see, e.g., English v English, 9 Cal 2d 358; Zalobowski v New England Teamsters & Trucking Ind. Pension Fund, ___ RI ___, 410 A2d 436; see cases in Ann., 77 ALR2d 1410, 1433), such does not appear to be the current law in this State.
Defendant urges that New York has recently adopted a more liberal approach to collateral estoppel issues, “eschewing prior applications of the doctrine,” citing, inter alia, the “realities of litigation” test applied in Gilberg v Barbieri (53 NY2d 285 [enunciated in Schwartz v Public Administrator of County of Bronx, 24 NY2d 65]) and the concurring opinion of Justice Gibbons in Kossover v Trattler (82 AD2d, supra, at p 612), condemning application of the doctrine to default judgments (see, also, Rosenberg, Collateral Estoppel in New York, 44 St. John’s L Rev 165). Schwartz and Gilberg are inapposite since the litigation here is between the same parties who were involved in the prior litigation (see Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184; Mayers v D’Agostino, 87 AD2d 519) and Justice Gibbons’ reasoning was not adopted by the majority in Kossover.
Nevertheless, even though Gilberts “realities of litigation” test (and the approach taken in Silver Dresses, su *598 pra), may not be available here, the traditional “necessarily” litigated test liberally applied suggests that this case, because it involves judgments entered by the clerk rather than the court, may be distinguished from the other default judgment cases discussed above, to the extent that it appears the judgments in those cases were entered by the court.
The requirement that an application for a default judgment be made to the court (CPLR 3215, subd [b]) implies a judicial determination of the proper judgment to be rendered, but no discretion is lodged anywhere when the application is made to the clerk (CPLR 3215, subd [a]; see Bullard v Sherwood, 85 NY 253). The clerk acts in a purely ministerial and not in a judicial capacity (47 Am Jur 2d, Judgments, § 1155). The statute mandates entry of a judgment by the clerk if the plaintiff’s claim is for a sum certain or for a sum which can by computation be made certain “upon submission of the requisite proof” (CPLR 3215, subd [a]), which is defined in subdivision (e) as proof of service of the summons and complaint or a summons and notice, proof of the facts constituting the claim, the default and the amount due.
Thus, these are the only issues which could have been determined in the instant case and the only ones necessary to support the judgment and, indeed, were the only issues tendered.
Accordingly, pursuant to the New York rule that the estoppel of a judgment is limited to those issues “actually” and “necessarily” determined, it appears that the instant defendant is not estopped to contest the legality of the contract in this action.
In its first counterclaim, however, defendant seeks to recover all of the moneys it has paid to plaintiff “since the making of the agreement,” including the amounts paid in satisfaction of the three default judgments. To the extent that the counterclaim seeks recovery of the latter sums it constitutes an impermissible collateral attack upon the judgments themselves (see Silver Dresses v Parker, supra; see, also, Hambly v Aetna Cas. & Sur. Co., 51 AD2d 567; Mitchell v Insurance Co. of North Amer., 40 AD2d 873, *599 supra). Defendant did not move to open the judgments (Barber v Kendall, 158 NY 401, supra) and does not plead that the judgments were entered without jurisdiction. They are thus conclusive regardless of whether they were right or wrong (Crouse v McVickar, 207 NY 213, supra; Sadler v Trisan, 20 AD2d 857, supra) and, even if the defense of illegality is ultimately sustained, defendant could not in this action recover the sums paid in satisfaction.
THE EFFECT OF THE VOLUNTARY PAYMENTS
Since waiver and estoppel are issues for the trier of fact (Amrep Corp. v American Home Assur. Co., 81 AD2d 325), the fact of defendant’s 35 voluntary payments (cf. Geddes Sav. & Loan Assn. v Mishel, 89 AD2d 792) does not warrant a summary judgment in plaintiff’s favor.
CONCLUSION
The plaintiff’s motion for summary judgment is denied. Her motion for summary judgment dismissing the first defense and counterclaim is granted to the extent that the counterclaim seeks to recover moneys paid in satisfaction of judgments and voluntarily paid prior to August, 1976.