**In the Matter of James J. NOVAK, Debtor.**

**Bankruptcy No. 2–83–00405.**

United States Bankruptcy Court, D. Connecticut.

Dec. 6, 1983.

Richard M. Leibert, Hartford, Conn., for debtor.

Robin Murdock-Meggers, Lessner, Castleman & Falkenstein, P.C., Manchester, Conn., for Major Machinery Corp.

## MEMORANDUM AND ORDER TO COMPEL DISCOVERY

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

James J. Novak (debtor) filed a chapter 13 petition on May 20, 1983, in which he listed all creditors as secured. The plan accompanying his petition, however, classified Major Machinery Corporation (Major Machinery) as a creditor whose debt was disputed and to whom no payment would be made. Major Machinery filed a proof of claim for $4,357.39, based upon a judgment of the Superior Court of Connecticut and secured by a judgment lien. Debtor filed an objection to this claim and then sought to make the discovery which is the issue before the court.

### I.

The history of the debt to Major Machinery, as disclosed by the parties during argument and their filed briefs, appears to be as follows. From 1978 on, the debtor operated a construction business, J.J.N., Inc., a Connecticut corporation of which the debtor is a shareholder. In April and June 1981, Major Machinery rented out heavy construction equipment for use in the debtor's business and invoiced "J.J.N.". When the invoices were not fully paid, Major Machinery sued debtor personally in the Connecticut Superior Court. Major Machinery commenced its suit with an attachment of debtor's interest in his residence in Scotland, Connecticut. To support its request for an attachment, Major Machinery submitted an affidavit executed by Gene Anderson, its office manager, which stated "that on various dates between April 6, 1981 and August 3, 1981, Major Machinery rented to James J. Novak the various equipment which is more particularly described in Exhibit A which is attached hereto." "Exhibit A" contained three copies of invoices showing "J.J.N." as the account debtor. The debtor failed to appear in the action and a default judgment was entered against him on November 30, 1981. This judgment was never satisfied. On January 7, 1983, Major Machinery filed a judgment lien on debtor's residence with the Scotland town clerk and commenced a lien foreclosure action in March, 1983. The filing of the debtor's chapter 13 petition has stayed that action.

The debtor, pursuant to Fed.R.Civ.P. 33 and 34, made applicable to this contested matter by Fed.R.Bankr.P. 9014, 7033 and 7034, filed requests for answers to interrogatories and production of documents relating to the knowledge of Major Machinery of the corporate existence of J.J.N., Inc. as the lessee of the construction equipment. Major Machinery objected to debtor's requests and debtor has moved for an order under Fed.R.Civ.P. 37, made applicable by Fed.R.Bankr.P. 9014 and 7037, to compel Major Machinery to respond to the discovery.

### II.

Major Machinery claims that debtor's attempts at discovery bear on the validity of the debt owing to Major Machinery, and such matter is not discoverable as the doctrine of res judicata bars the debtor from relitigating the issue of his personal liability for the unpaid equipment rental debt.[1] Debtor, on the other hand, claims the discovery is appropriate because a bankruptcy court has the power to disallow a judgment when no underlying debt was owing by the debtor or when the judgment was procured by fraud. Debtor claims he was not personally liable on the debt which, he asserts, was solely a corporate liability. Debtor claims Major Machinery committed a fraud upon the state court by stating in its complaint and affidavits that the debtor owed Major Machinery for the unpaid invoices.

### III.

Connecticut follows the doctrine that "a judgment of a court having jurisdic-

---

1. This ruling only deals with issues which the parties have briefed in their memoranda of law.

tion of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." *Slattery v. Maykut,* 176 Conn. 147, 157, 405 A.2d 76, 82 (1978). As a general rule, like effect will be accorded a Connecticut default judgment in a federal court. *See Riehle v. Margolies,* 279 U.S. 218, 225–26, 49 S.Ct. 310, 313, 73 L.Ed. 669, 673 (1929). As part of the claims allowance process, a federal bankruptcy court, as a court of equity, may review claims reduced to judgments to determine whether they should be disallowed because procured by fraud or collusion. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Margolis v. Nazareth Fair Grounds & Farmers Mkt.,* 249 F.2d 221 (2d Cir.1957). Except where elements such as fraud and collusion exist, however, bankruptcy courts are required to give res judicata effect to state-court judgments. *Heiser v. Woodruff,* 327 U.S. 726, 733, 737, 66 S.Ct. 853, 856, 858, 90 L.Ed. 970, 976, 978 (1946).

In *Kapp v. Naturelle, Inc.,* 611 F.2d 703 (8th Cir.1979), the debtor claimed a state-court judgment was tinged with fraud and the debt not allowable on facts similar to those here alleged. Kapp, the debtor, was president and a director of a corporation. Kapp's corporation had financial difficulties and thirty-four of its suppliers obtained default judgments against it in state court. Thirteen of these creditors procured defaults on those same debts against Kapp although they never had had transactions with Kapp individually. Both Kapp and the corporation subsequently filed bankruptcy petitions. The thirteen creditors, their claims unsatisfied by dividends from the corporation's estate, filed claims against Kapp's estate. After a full hearing, the bankruptcy judge determined that there were no debts underlying the default judgments against Kapp and disallowed the claims. The district court affirmed. The Court of Appeals reversed the court below on the issue of the nonexistence of the underlying debt. *Id.* at 708. Before the

Court of Appeals, Kapp argued for the first time that the default judgments were fraudulently obtained in that the disputed default judgments were taken against Kapp irrespective of whether the various creditors knew they were dealing with a corporation. As such, he claimed that the claims were properly disallowed under the principles of *Pepper v. Litton. Kapp,* 611 F.2d at 708–09. The Court of Appeals scrutinized both the pleadings and the transcript of the hearing in the bankruptcy court before concluding that there had been *no* fraud because, under applicable state law, counsel for the creditors had reason to believe Kapp should be liable for the corporate debts. *Id.* at 709–10.

These holdings indicate that the debtor here should be given the opportunity to prove fraud if he can. Moreover, attacks on the sufficiency of claims in the context of objections to discovery, such as Major Machinery's objections, are not favored. *See* 8 Wright and Miller, *Federal Practice and Procedure* § 2008 at 44 (1970). Therefore, debtor should be permitted to marshall what proof he can on the fraud issue.

### IV.

For the reasons discussed above, the debtor's motion to compel discovery is granted.