BLUMENFELD, District Judge
(dissenting):
I cannot agree with my fellow members of the panel that the entry by the state court of this “default judgment” against the appellee on counterclaims brought by one of the appellant-creditors precludes the bankruptcy court from looking behind the state court determination and disallowing the claims in the bankruptcy proceeding. To require a mechanical application of the doctrine of res judicata and the seeming dictate of 28 U.S.C. § 1738 ignores the broad equitable powers of the bankruptcy court to take actions necessary to achieve an equitable distribution of the bankrupt’s estate among creditors. Although the federal bankruptcy power is “a field whose boundaries may not yet be fully revealed,” Continental Ill. Nat’l Bank v. Chicago, Rock Island and Pac. Ry. Co., 294 U.S. 648, 671, 55 S.Ct. 595, 604, 79 L.Ed. 1110 (1935), in this instance, given the bankruptcy court’s broad equity powers, it is clear that a number of factors combine to support the bankruptcy judge’s decision to go behind the state court determination. These will be discussed separately.
I. The Nature of Bankruptcy Court Power
A. Paramountcy of Bankruptcy Law
The power of the bankruptcy court stems from a grant of authority in Article I of the Constitution, which grants to Congress the power “to establish ... uniform Laws on the subject of Bankruptcies throughout the United States.” U.S. Const, art I, § 8, cl. 4. The bankruptcy law is a paramount law, which takes precedence over all state laws and proceedings. Vanston Bondholders Protective Comm. v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946); Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). It is a power intended to be applied uniformly throughout the nation in the disposition of claims against insolvent estates. For instance, “[i]n determining what judgments are provable and what objections may be made to their proof, and in determining the extent to which the inequitable conduct of a claimant[,] in acquiring or asserting his claim in bankruptcy, requires its rejection or its subordination to other claims ..., the bankruptcy court is defining and applying federal, not state, law.” Heiser v. Woodruff, 327 U.S. 726, 732, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946).
B. Equitable Powers Limit the Principle of Res Judicata
In exercising this paramount power, the bankruptcy courts are “essentially courts of equity, and their proceedings inherently proceedings in equity.” Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). Bankruptcy proceedings are to be “administered in accord with the general principles and practice of equity.” In re Lustron Corp., 184 F.2d 789, 793 (7th Cir.1950), cert. denied, 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682 (1951). See also Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); Continental Ill. Nat’l Bank v. Chicago, Rock Island and Pac. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110 (1935); Corley v. Cozart, 115 F.2d 119 (5th Cir.1940); Larson v. First State Bank, 21 F.2d 936 (8th Cir.1927). The bankruptcy court is charged *697 with preventing injustice and unfairness. By statute, “the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” 11 U.S.C. § 105(a).
Given the broad equitable powers of the bankruptcy court, the majority is overly strict in its view of the grounds for collateral attack on a prior state court judgment in bankruptcy court. In its view, a prior state court judgment must be treated as res judicata unless the judgment is procured through “fraud or collusion,” or the issuing court lacked jurisdiction. Since the majority considers that the present case does not raise either of these two exceptional circumstances,[1] it concludes that the bankruptcy court is without power to look behind the state court judgment and disallow the claims based upon it. However, the very structure of the bankruptcy laws, as well as the breadth of the bankruptcy court’s equity power to do justice and avoid substantial unfairness in allowing or disallowing claims, supports the view that the bankruptcy court was within its power in disallowing these claims, and that these two types of exceptions are not exclusive.
1. Structure of Bankruptcy Laws
That the bankruptcy court’s mandate to do equity is far broader than that suggested by the majority is evidenced by the very structure and extent of the court’s authority to dispose of creditors’ claims. “The power of the bankruptcy court to subordinate claims or to adjudicate equities arising out of the relationship between the several creditors is complete.... [T]he theme of the Bankruptcy Act is equality of distribution.” Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 219, 61 S.Ct. 904, 907, 85 L.Ed. 1293 (1941). Commencing with the court’s power to issue automatic stays pursuant to 11 U.S.C. § 362, as it did in the present case, and progressing through its power to disallow, see § 502, subordinate, see § 510(c), and discharge claims, see § 523, the bankruptcy court’s control over the bankrupt’s estate is plenary. It has a variety of tools with which it can freely exercise its equitable powers to affect the particularities of an individual debtor-creditor relationship or the relationship among creditors. Under the doctrine of equitable subordination, for instance, a bankruptcy court may subordinate a particular claim if it finds that the creditor’s claim, while not lacking a lawful basis nonetheless results from inequitable behavior on the part of that creditor. See 11 U.S.C. § 510(c). See also In re W.T. Grant Co., 699 F.2d 599 (2d Cir.1983) (Friendly, J.); Herzog & Zweibel, The Equitable Subordination of Claims in Bankruptcy, 15 Vand.L.Rev. 83 (1961).
2. Equity Power to Disallow Claims is Broad
The case law provides strong support for a broad view of the bankruptcy court’s authority to determine whether to allow or disallow a particular claim that has been reduced to judgment in state court. “It has long been a basic function of the bankruptcy court, both by reason of its equitable powers and the bankruptcy statute, to pass upon the validity of creditors’ claims.” In re Farrell, 27 B.R. 241, 245 (Bankr.E.D.N.Y.1982). The bankruptcy court “in passing on allowance of claims sits as a court of equity_ In the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate.” Pepper v. Litton, 308 U.S. 295, 307-08, 60 *698 S.Ct. 238, 245-46, 84 L.Ed. 281 (1939). This sifting includes “full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. ” Pepper, 308 U.S. at 305, 60 S.Ct. at 244 (citations omitted) (emphasis supplied). These broad powers have been “invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.” Pepper, 308 U.S. at 305, 60 S.Ct. at 244. See also In re Century Vault Co., 416 F.2d 1035 (3d Cir.1969). As one learned treatise has noted:
It is the bankruptcy court, through its bankruptcy judge, which is to determine whether or not a claim is to be allowed or disallowed, i.e., whether the content of the claim is within the reach of section 502(b). As it is contemplated under the Code as well as it was under the former Act that the determination of the allowa-bility of claims is within the province of the bankruptcy judge, it follows that virtually all matters involving the allowability of claims and their right therefore to share in the assets of the debtor ordinarily will be determined by the bankruptcy judge, generally exclusive of all other courts.
3 Collier on Bankruptcy § 502.02, at 502-22-23 (15th ed. 1979).
3. Relationship Between Bankruptcy Court’s Power and Res Judicata Doctrine
It is clear that the principles of res judi-cata are not to be mechanically applied in the bankruptcy context. To the extent a prior state court judgment is recognized in bankruptcy court, such recognition is not based “upon a technical application of res judicata doctrine, but upon the court’s recognition that the equitable considerations underlying that doctrine require its application in the absence of compelling circumstances to the contrary.” Margolis v. Nazareth Fair Grounds & Farmers Mkt., 249 F.2d 221, 224 (2d Cir.1957). As Justice Rutledge reasoned:
If ... the bankruptcy court has power to reject claims, even when previously allowed, “in whole or in part ‘according to the equities of the case,’ ” ... the bankruptcy court in the allowance or rejection and ordering of claims shall not be bound by any broad or rigid rule of res judicata.
Heiser v. Woodruff, 327 U.S. 726, 741, 66 S.Ct. 853, 860, 90 L.Ed. 970 (Rutledge, J., concurring) (citations omitted) (emphasis supplied). “A state court judgment does not have res judicata effect because the bankruptcy judge is the only authority that can decide if a claim is allowable, and the judge may look behind the judgment to determine if a contractual basis exists for the claim.” 3 Collier on Bankruptcy ¶ 502.02, at 502-22-23 n. 8 (citations omitted).
The relationship between res judicata and the bankruptcy court’s equity power is thus well captured by the reasoned dicta in Margolis v. Nazareth:
To the extent that equitable principles require reexamination by the bankruptcy court of the bases for the judgment where these bases have been or could have been previously adjudicated the doctrine of res judicata is inapplicable in bankruptcy proceedings.
249 F.2d at 224.
II. The Character of the State Court Ruling
Given these broad powers of equity and the nature of the relationship between the court’s equity power and the doctrine of res judicata, one set of factors in particular weighs in favor of the bankruptcy court invoking its equity power to disallow the claims here in issue even though they have proceeded to judgment in state court. These factors relate to the character and content of the judgment here at issue, as opposed to its form. In this case, “judgment” was issued on the basis of a default by the debtor, and then as to liability only. It was done upon the failure of the debtor to comply with a procedural rule, and after no litigation on the merits. Therefore, the *699 judgment operated as a penalty upon the debtor for his failure to comply with this state rule of procedure, and did not determine the substantive rights of the parties.
A. Default Judgments Deserve Close Scrutiny
As a general matter, judgments which may be characterized as default judgments deserve closer scrutiny by the bankruptcy court than would otherwise be the case. “Especially in the case of a pre-bankruptcy judgment, it may at times be proper to consider whether judgment followed vigorous litigation by the debtor.” 1B J. Moore, Moore’s Federal Practice If 0.419[3.-6], at 675. Similarly, Justice Stone, writing for the court in Heiser v. Woodruff, stated that res judicata is to be given effect “when one appears in court to present his case, is fully heard, and the contested issue is decided against him.” 327 U.S. at 733, 66 S.Ct. at 856 (emphasis added). Thus, the subordination of the doctrine of res judicata to the paramount equitable powers of bankruptcy courts is “ ‘applicable especially to judgments by default or pro confesso.’ ” Margolis v. Nazareth, 249 F.2d at 224 (citations omitted).
B. Procedural Character of Determination Here at Issue
The bankruptcy court, in exercising its equitable discretion, should of course give due consideration to the state’s interest in having its court’s determinations recognized. This interest, however, must be balanced against the bankruptcy court’s interest in reaching a just and equitable result in the overall circumstances of the case. In determining whether to give effect to a state court ruling, the bankruptcy court may appropriately consider whether that ruling was the enforcement of a state procedural rule or was a finding of the existence of an ingredient to the establishment of a substantive right.
In this case, the state’s interest in having that which it regards as a final judgment enforced can only be regarded as minor. Here, exacting scrutiny shows that a default was entered against the debtor on two counterclaims essentially as a penalty for the debtor’s failure to timely answer them. A motion to set aside the default was denied after oral argument and the consideration of affidavit evidence submitted by the debtor, and judgment, as to liability only, was then entered against the debtor on these counterclaims. Although the appellants contend otherwise, there is no clear indication that the state court judge, in denying the motion to set aside, made any determinations as to the possible merits of the debtor’s defense to the claims or made any factual findings going to the merits. All that is clear is that the court found inadequate the debtor’s proffered excuse for failing to timely respond to the counterclaims.
Thus, the basis for the state court’s decision to enter judgment as to liability in this case was merely the debtor’s failure to comply with a technical rule of procedure. See generally Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (technical noncompliance, even with a court order, is not necessarily sufficient for entry of judgment under Fed.R.Civ.P. 37). Stripped of its technical effect, the only interest that the default procedure is designed to protect is the interest of the state court in judicial economy; the state court’s order was simply in aid of its desire to have cases filed in its court disposed of expeditiously in order to minimize the effects of a congested docket.[2]
C.Limited Scope of State Court Adjudication
Furthermore, the fact that the “judgment” in question was for liability only provides additional weight in support of the bankruptcy court’s decision to set aside claims based upon it. The unusual New York procedure permitting entry of judgment as to liability produces a unique situa *700 tion for the bankruptcy court. Under the federal rules, as well as the procedure of most states, a court entering a default judgment would first hold a hearing to determine the appropriate amount of damages. See Fed.R.Civ.P. 55. However, because of the automatic stay imposed by virtue of the filing of the bankruptcy petition, the bankruptcy court had to decide what effect, if any, to give this judgment entered without an assessment of damages.
The majority, in its effort to give full faith and credit to this state court determination, confronts a conceptual conundrum. It criticizes the bankruptcy court for “improperly incorporating] some of its findings regarding liability, a matter already resolved by the state court default judgment.” The majority then orders the bankruptcy court to hold a rehearing on damages “giving res judicata effect to the liability judgment of the state court.” In referring to liability as a “matter already resolved,” the majority leaves unclear whether it seeks to give res judicata effect to the state court determination as a matter of issue or claim preclusion. It is clear, nonetheless, that a determination of only liability on claims such as those at issue in this case should only be entitled to res judicata as a matter of issue preclusion, if at all. It is a well-established principle of res judicata, however, that issues “resolved” are to be given preclusive effect only when "actually litigated and determined by a valid and final judgment.” Restatement (Second) of Judgments § 27.
Calling liability a “matter already resolved” does not mask the true character of the state court’s action as the imposition of a penalty based purely on a finding of procedural default. In the present case, all that was “actually litigated” by the state court was that the debtor did not comply with a procedural rule without adequate justification and not any issue relating to the merits of the dispute. As a result, under general principles of res judicata such a default judgment would not have issued preclusive effect in subsequent litigation. Restatement (Second) of Judgments § 27 comment e at 257.[3] The majority is bootstrapping by assuming that because judgment was entered, issues going to the merits of the claim must have been litigated and resolved.
D. Interests of Third Party Creditors
The bankruptcy court’s decision to disallow is further supported by the state court’s inability to take into consideration the effect its imposition of a procedural penalty on the debtor would have on third-party creditors. The action of the state court may represent a sufficient determination of the rights of the debtor in his dispute with this one particular creditor. However, given the interests of the other creditors in an equitable distribution of the bankrupt’s estate, this state court judgment should not have preclusive effect in the context of the bankruptcy proceeding. The bankrupt’s other creditors should not be required to suffer from the penalty imposed on the debtor because of his failure to comply with a procedural rule.
*701 Professor Moore reasons similarly, in discussing a variation on the facts of the Heiser case, in which the issue was whether fraud had been involved in the procurement of a default judgment by a creditor. The point is, there are different interests to be protected, as Professor Moore perceptively observed:
Let us ... assume that the issue of fraud [in the procurement of a default judgment] had not been litigated by either the bankrupt or the trustee. This issue would then be open to the trustee when the creditor filed his claim based on his judgment, since the issue had not been adjudged, unless we are to take the position that since the issue ... was open to the bankrupt, and as he allowed the creditor to obtain a default judgment against him, this foreclosed him, and his subsequent trustee with him. But this would work an undue hardship upon the creditors.... [I]n the interest of creditors we believe the trustee has the additional power to have a judgment claim disallowed or subordinated, though the judgment be binding on the bankrupt, when its enforcement in bankruptcy would, as to the creditors, run counter to sound principles of bankruptcy distribution, subject to the proposition that an issue which has been [f]airly adjudged is not open to readjudication.
IB J. Moore, Moore’s Federal Practice ¶ 0.419[3.-6], at 684-85 (emphasis supplied).[4]
III. Bankruptcy Judge’s Analysis of Merits of Creditor’s Claims Also Supports Disallowance
The rationale concerning the character of the state court’s determination is deepened by the bankruptcy judge’s analysis of the actual merits of the allegations asserted by the appellant in his state court counterclaims. The bankruptcy judge found that the creditor’s allegations were “facially outrageous” and “wholly without merit,” and concluded that the creditor’s contentions were “groundless and were blown beyond reason, apparently to harass the debtor.” In reaching this determination, the bankruptcy judge made no clearly erroneous factual findings. Nor do I find that the bankruptcy judge committed legal error in determining that res judicata did not bar the application of the paramount power of the bankruptcy court to review and disallow claims, or otherwise committed errors of law. See In re Hammons, 614 F.2d 399 (5th Cir.1980) (on review, bankruptcy judge’s factual findings must be accepted unless clearly erroneous; legal determinations must be rejected if they are in error).
It should be noted that reasoned dicta in Heiser v. Woodruff supports disallowing a judgment claim upon a determination that the judgment in question was based upon “perjured allegations.” See generally Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 653, 90 L.Ed. 970 (1946). The bankruptcy judge came extremely close to making this kind of characterization concerning the appellant-creditor’s claims. See In re Novak, 37 B.R. 31 (Bankr.D.Conn.1983) (bankruptcy court granted debtor’s motion to compel discovery on issue of whether creditor committed a “fraud” on the state court by making false statements in its complaint and affidavits). See also Kapp v. Naturelle, Inc., 611 F.2d 703 (8th Cir.1979).
IV. Recapitulation
To sum up, the broad equity power of the bankruptcy court to achieve a just distribution of the bankrupt’s estate militates against a mechanical application of res judi-cata to prior state court judgments. In this case, the bankruptcy court properly exercised that equity power in disallowing the judgment claims. A variety of circumstances combine to support the bankruptcy court’s decision. The state court judgment was a default judgment that operated as a penalty upon the debtor for his failure to comply with a procedural rule. The state court did not adjudicate any of the merits. *702 Consequently, contrary to the majority’s assumption, no issues have been “resolved” for purposes of giving the state court’s actions issue preclusive effect in the bankruptcy proceeding. In addition, giving res judicata effect to the state court determinations might prejudice other creditors of the bankrupt’s estate by requiring them to share in the procedural penalty assessed against the debtor. Finally, the contentions upon which the creditor based its claims were found by the bankruptcy judge to be wholly without merit.
I would affirm the court below.

. By "fraud or collusion," the majority appears to refer only to acts such as those at issue in Margolis v. Nazareth Fair Grounds & Farmers Mkt., 249 F.2d 221 (2d Cir.1957), where the judgment was procured through collusion between the parties to the prior action, with the primary purpose of diminishing the access of other creditors, and the bankruptcy estate, to certain assets. Even if I were to adopt the majority's view that only lack of jurisdiction and "fraud or collusion” represent grounds for failing to give res judicata effect to a state court judgment, there is in fact strong case authority for a broader view of the kind of behavior that constitutes "fraud” that might bring within its embrace the facts of this case. See infra at 698-699.

. Cf. Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 207 (2d Cir.1977) (dismissal under Fed.R.Civ.P. 37 reserved only for extreme circumstances and is improper absent a court order to comply with discovery requests).

. I do not regard the bankruptcy court as rigidly bound by 28 U.S.C. § 1738 to give the same effect to this judgment, as a matter of issue preclusion, as a New York court would give it. Even if I were to view the court as rigidly bound, however, I would not be persuaded that a New York court would find that this default judgment determined any issues relating to the merits sufficiently to warrant the application of issue preclusion. Under New York law, it does appear that a default judgment is granted issue preclusive effect somewhat more readily than under the federal standard or that of most states' courts. However, I do not think a New York court would find that this "judgment" could serve as a basis for issue preclusion. "The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered." Pray v. Hegeman, 98 N.Y. 351 (1885). “[T]he estoppel is limited to the point ‘actually’ determined and 'necessarily decided.’ ” Heine v. Albin Gustafson Co., 118 Misc.2d 593, 461 N.Y. S.2d 934, 936 (N.Y.Sup.Ct.1983) (citations omitted). As these tests have been applied by the New York courts, it does not appear that any issues relating to liability were actually resolved by the state court. See generally Heine, 461 N.Y.S.2d at 936-37.

. Moore's analysis applies to this situation. The trustee’s lack of participation does not prevent the bankruptcy judge from seeking to protect other creditors’ interests, either on the bankrupt's motion or the judge’s own motion. See American Anthracite & Bituminous Coal Corp. v. Arrivabene, 280 F.2d 119 (2d Cir.1960).